IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| William Artis, #70089-056 ) | |
| ) | Civil Action No. 8:08-610-CMC-BHH |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| John J. LaManna, ) | |
| Warden, FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a federal prisoner, seeks habeas relief pursuant to Title 28, United States Code, Section 2241. This matter is before the Court on the respondent's motion for summary judgment [1] (Docket # 10) and the petitioner's motion for judgment on the pleadings (Docket # 5).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on February 20, 2008. On May 13, 2008, the respondent filed a motion for summary judgment. By order filed May 14, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised

---

[1]The respondent actually filed a motion to dismiss. However, when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). As matters outside of the pleadings were presented, the undersigned will treat the motion as one for summary judgment.

of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On July 9, 2008, the petitioner filed a response to the respondent's motion for summary judgment.

## FACTS

The petitioner pled guilty to making a false statement in connection with the acquisition of a firearm and, on December 5, 2006, was sentenced to thirty-six months. (Pet. at 2.) When the petitioner filed this action, he was incarcerated at the Federal Correctional Institution ("FCI") in Edgefield, South Carolina. (*Id*.)

The petitioner brought this habeas action alleging that the Bureau of Prisons ("BOP") had erroneously determined that he was ineligible for early release following the successful completion of a residential drug abuse program ("RDAP"). (*See* Pet. generally) The petitioner sought an order finding him eligible for early release and placement in a halfway house following the completion of the RDAP. (Pet. at 6.) On April 24, 2008, the BOP informed the petitioner that he was eligible for early release upon successful completion of the RDAP. (Resp't's Mem. Supp. Mot. to Dismiss at 5.) Beginning July 16, 2008, the petitioner was placed in a halfway house and according to the BOP website his projected release date is January 11, 2009 (www.bop.gov).

## APPLICABLE LAW

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

2

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise,

conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The petitioner has filed this habeas petition pursuant to 28 U.S.C. § 2241, alleging the BOP has erroneously denied him early release following the completion of a RDAP. He complains that the BOP is illegally denying him eligibility for this sentence credit based on its erroneous determination that his conviction under 18 U.S.C. § 922(g)(1) is not a "nonviolent offense," as required for eligibility under 18 U.S.C. § 3621(e)(2)(B). The respondent contends that because the petitioner has been placed in a halfway house, this petition is now moot. The undersigned agrees.

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Further, the controversy must be present at all stages of review. *Id.* at 477. A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992). *See also Preiser v. Newkirk,* 422 U.S. 395, 401 (1975).

In his petition, the petitioner sought an order finding him eligible for early release and placement in a halfway house following the completion of the RDAP. (Pet. at 6.) It is undisputed that the petitioner here was released to a halfway house on July 16, 2008. Therefore, it appears that it is not possible for this court to grant the petitioner the only

relief requested in his petition as he has already been placed in a halfway house. As there is no longer a case or controversy to litigate, this case and the petition now before the court should be dismissed as moot.

In his response to the respondent's motion to dismiss, the petitioner contends he would like the court to address this issue for future inmates in similar situations. (Pet'r's Mem. Opp. Mot. to Dismiss at 3.) However, the petitioner cannot allege or pursue claims pertaining to other inmates. *See Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981)(A prisoner proceeding pro se may not serve as a "knight errant" for other inmates, but may only seek to enforce his own rights.).

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Docket #10) be GRANTED and the Petition be DISMISSED WITH PREJUDICE. Further, if the District Court adopts this report, it is also RECOMMENDED that the Petitioner's Motion for Judgment on the Pleadings (Docket # 5) be DENIED as Moot.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

August 12, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).